WALLER, Chief Justice,
Specially Concurring:
¶ 18. I am compelled to write separately to explain our conclusion regarding the defendants’ waiver of Section 11-1-58. It is undisputed that the Meadowses filed their complaint on August 31, 2004, and that they had requested medical records from the defendants prior to filing but had not received them. In this situation, Section 11-1-58(4) required the Meadowses to file their certificate of expert consultation within ninety (90) days of receiving the records. Miss.Code Ann. § 11-1-58(4) (Rev.2002).
¶ 19. The Meadowses received the medical records on September 10, 2004, so they had ninety days, or until December 9, 2004, to file their certificate. That date came and went without a certificate being filed.[12] Thus, the defendants filed their *1234 answers on January 14 and 20, 2005, in which they raised the affirmative defense of Section 11-1-58 and included motions to dismiss based on the Meadowses’ failure to comply with Section 11-1-58. Thereafter, the defendants participated extensively in the litigation process for more than two years, until they filed another motion to dismiss based on Section 11-1-58 on March 30, 2007.
¶20. In Horton, this Court held that “[a] defendant’s failure to timely and reasonably raise and pursue the enforcement of any affirmative defense ... which would serve to terminote ... litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver.” MS Credit Center, Inc. v. Horton, 926 So.2d 167, 180 (Miss.2006) (emphasis added). The emphasized portions of this rule are very important. Put simply, the defendant generally must timely raise all affirmative defenses, but if the defense is one which would terminate the litigation, the defendant must also timely pursue the enforcement of the defense.
¶ 21. The pursuit of enforcement is the most important action necessary to preserve such a defense. We noted in Horton that “a party need only assert it in a pleading, bring it to the court’s attention by motion, and request a hearing. Once a hearing is requested, any delay by the trial court in holding the hearing would not constitute a waiver.” Horton, 926 So.2d at 181, n. 9. These are the steps which a defendant must take to timely and reasonably raise and pursue the enforcement of a defense which would serve to terminate the litigation. But these requirements presuppose that the defendant knows or should know that the defense would (not could) terminate the case.
¶ 22. Here, the defendants timely raised Section 11-1-58 by including it in their answers, and they brought it to the court’s attention by including with their answers, motions to dismiss based on Section 11-1-58. But at the time the defendants filed their answers, there was no doubt that the plaintiffs had failed to comply with Section 11-1-58(4). The defendants knew the date on which the Mead-owses had received the medical records, that ninety days had passed since their receipt of the records, and that no certificate had been filed in that time. Thus, the defendants knew as early as December 10, 2004, that the application of Section 11 — 1— 58 would serve to terminate the Meadows-es’ case. And there was absolutely nothing preventing the defendants from pursuing the enforcement of Section 11-1-58 and achieving that termination by requesting a hearing on their motion to dismiss. Therefore, because they continued to participate actively in the litigation for more than two years, while sitting on their Section 11-1-58 defense, the defendants waived it.
CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR AND PIERCE, JJ., JOIN THIS OPINION.

. The Meadowses did not file their certificate of expert consultation until June 13, 2005.